UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRUNO CHOINIERE | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Cause No. 3:07-CV-27 RM |
| | ) | (Arising from Cause No: 3:05-CR-56) |
| UNITED STATES OF AMERICA | ) | |

OPINION and ORDER

Bruno Choiniere has moved for reconsideration of this court's January 14, 2009 order denying his petition filed pursuant to 28 U.S.C. § 2255. Mr. Choiniere filed his motion pursuant to Federal Rule of Civil Procedure 59(e); whether his motion should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not the label affixed to it. Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (*citing* Borrero v. City of Chicago, 456 F.3d 698, 701-702 (7th Cir. 2006)). The court incorporates Mr. Choiniere's previous documents (documents ##236, 243 and 246) into his motion to reconsider (document # 253), and having considered those filings, denies his motion pursuant to both Rule 59(e) and Rule 60(b).

A Rule 59(e) motion to alter or amend judgment may be granted "if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." County of McHenry v. Ins. Co. of the West, 438 F.3d 813, 819 (7th Cir. 2006) (internal quotations and citations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"

Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). "[A] Rule 59(e) motion is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." County of McHenry v. Insurance Co. of the West, 438 F.3d at 819.

Mr. Choiniere hasn't presented any newly discovered evidence or pointed to a manifest error of law or fact. He rehashes many of the arguments he presented in his § 2255 petition – arguments that the court already rejected. As to new arguments that Mr. Choiniere raises for the first time in his Rule 59(e) motion, the court construes these new arguments as a successive § 2255 petition not properly before the court as previously explained in this court's January 22, 2009 order.

A district court may grant relief under a Rule 60(b) motion for reconsideration for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation or other misconduct by an adverse party; or for any other reason justifying relief from judgment." *See* Tobel v. City of Hammond, 94 F.3d 360, 361 (7th Cir.1996) (*citing* FED. R. CIV. P. 60(b)). Relief under Rule 60(b) is an extraordinary remedy that is available only in exceptional circumstances. Dickerson v. Bd. of Educ. of Ford Heights, 32 F.3d 1114, 1116 (7th Cir.1994). Mr. Choiniere hasn't made a showing that would entitled him to relief pursuant to Rule 60(b).

Accordingly, the court GRANTS Mr. Choiniere's request to incorporate documents (document # 252), but DENIES his request to alter or amend this court's denial of his § 2255 petition (document # 253).

SO ORDERED.

ENTERED:   February 18, 2009

                              /s/ Robert L. Miller, Jr.
                            Chief Judge
                            United States District Court


cc: B. Choiniere