UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small> | ) | |
|---|---|---|
| | ) | |
| vs. | ) | C<small>AUSE</small> N<small>O</small>. 3:05-CR-56(01) RM |
| | ) | |
| B<small>RUNO</small> C<small>HOINIERE</small> | ) | |

OPINION and ORDER

In 2006, Bruno Choiniere was found guilty of 34 counts of health care fraud, concealing overpayment of benefits, and money laundering. He was sentenced to 151 months in prison. Mr. Choiniere's motion to vacate pursuant to 28 U.S.C. § 2255 was denied in 2008. The court is now in receipt of several filings that, read collectively, are a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an application to proceed *in forma pauperis*. The primary document is an Application for "Writ of Habeas Corpus under 28 U.S.C. § 2241 by a Person in Federal Custody" (Doc. No. 282), and it instructs the reader to read a "separate memorandum and brief" for Mr. Choiniere's claims to relief. Mr. Choiniere simultaneously filed a "Pro Se Ex Parte Petition for Writ of Habeas Corpus of Petitioner Bruno Choiniere" (Doc. No. 284). This filing asks for relief under 28 U.S.C. § 2241 and appears to be the memorandum and brief referred to in document number 282. Mr. Choiniere also filed an application to proceed *in forma pauperis*. Doc. No. 283. Finally, Mr. Choiniere filed a "Pro Se Ex Parte Motion for Issuance of Case [Number],

and Motion for Determination of Filing Date Facts and Correction to True Filing Date Consistent with Mandates of Houston v. Lack, 487 US 266." Doc. No. 288.

In short, Mr. Choiniere has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, he has asked the court to grant him pauper status for that filing, and he disputes the date on the docket because it reflects the date that the court received the petition as opposed to the date he mailed it from prison. Furthermore, it is apparent that the extensive claims in Mr. Choiniere's petition all relate to whether he received a fair trial and was properly sentenced.

The type of collateral attack that Mr. Choiniere is bringing – that is, a collateral attack on his trial and sentence – typically are brought under 28 U.S.C. § 2255, but Mr. Choiniere has decided to call his petition an action arising under § 2241. For a variety of reasons, such as an elapsed statute of limitations or a ban on successive petitions, prisoners incarcerated in the federal system frequently try to challenge their convictions or sentences by calling a petition something other than a motion arising under § 2255. Inventive titling doesn't change the nature of a petition; the court of appeals has said that when a petitioner is raising a collateral attack that is intended to be brought under § 2255, calling it something else doesn't allow the petitioner to escape the constraints of § 2255. Melton v. United States, 359 F.3d 855, 859 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.")

Section 2241 is different from § 2255 and provides a unique relief. The typical § 2241 claim contemplates conditions of confinement. *See e.g.* Jones v. Cross, 637 F.3d 841 (7th Cir. 2011) (addressing a prisoner's dispute regarding his loss of good time credit after an altercation). In addition to being a tool to challenge conditions of confinement, § 2241 also provides relief in extraordinary circumstances, but only if the relief granted by § 2255 is inadequate or ineffective to test the legality of the prisoner's detention. 28 U.S.C. § 2255(e); Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007) ("Congress did not amend or repeal § 2241 when § 2255 was enacted – though paragraph 5 of § 2255 makes that section the exclusive remedy unless 'the remedy by motion is inadequate or ineffective to test the legality of his detention.'" Collins v. Holinka, 510 F.3d at 667 *quoting* 28 U.S.C. § 2255(e)).

Even though a petition might appear to be attacking the conviction or sentence under § 2255, if a petitioner genuinely proceeds under § 2241, the court must honor the request to consider the petition under § 2241. Collins v. Holinka, 510 F.3d at 667. "[A] procedurally valid section 2241 petition (valid because both Wyatt and his custodian are in the Western District of Texas) cannot be treated as something else and litigated somewhere else." United States v. Wyatt, 672 F.3d 519, 523 (7th Cir. 2012). "[A] § 2241 petition shouldn't be re-characterized as a § 2255 motion because courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law." Wyatt v. United States, 574 F.3d 455, 460 (7th Cir. 2009).

A careful reading of Mr. Choiniere's petition reveals that every claim he makes relates to § 2255 subject matter. He filed a § 2255 motion before, and there is no indication that he sought leave of the court of appeals to file a second or subsequent § 2255 as 28 U.S.C. § 2244(b)(3) and 28 U.S.C. § 2255(h) require. Nevertheless, Mr. Choiniere has told the court that his petition falls under 28 U.S.C. § 2241 and he has named the warden, among other parties, so the court won't reconstrue this as a § 2255 motion. Collins v. Holinka, 510 F.3d at 667. Instead, the court will treat this as Mr. Choiniere titled it: a motion brought pursuant to § 2241, but filed in the sentencing court.

Petitions brought pursuant to § 2241 must be brought in the district where the petitioner is incarcerated. 28 U.S.C. § 2241(a). The record indicates that Mr. Choiniere is currently held in Milan, Michigan and that prison isn't in the Northern District of Indiana. While this Northern District of Indiana court is the proper court in which to bring a § 2255 motion (in that it was the sentencing court), it isn't the proper court for a § 2241 petition for someone incarcerated in Michigan.

There are some cases that, when filed in the wrong district court, merit transfer to the court with jurisdiction to hear the § 2241 petition (that is, the court with jurisdiction over the prisoner and warden). The Supreme Court has said that the term "jurisdiction" as used regarding § 2241 petitions is more equivalent to venue, which can potentially be transferred. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499–500 (1973) (holding that the statutory grant of jurisdiction in the habeas corpus statute doesn't limit the

court's subject matter jurisdiction, but is, instead, more equivalent to venue); *accord* Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004). Such transfer is appropriate only when the interests of justice so require it. 28 U.S.C. § 1406(a). Mr. Choiniere's filing with this court doesn't demonstrate that, but for filing it in the wrong court, it would be a viable claim or that he would be unfairly prejudiced by an outright dismissal because he has a valid claim that is time-barred due only to filing in the wrong court. This leaves the court with no basis to find that the interests of justice require the court to transfer the matter brought in the improper court. The court is left in the position of evaluating Mr. Choiniere's filing as a § 2241 petition and dismissing it because such petitions must be brought in the district where the petitioner is incarcerated.

Mr. Choiniere has also filed a motion to proceed *in forma pauperis*. Because the court is dismissing the accompanying § 2241 petition for lack of jurisdiction, the application to proceed *in forma pauperis* is moot.

Finally, Mr. Choiniere has also filed a motion in which he asks for a new cause number and correction of the filing dates, which he calls a "Pro Se Ex Parte Motion for Issuance of Case Nubmer (sic), and Motion for Determination of Filing Date Facts and Correct to True Filing Date Consistent with Mandates of Houston v. Lack, 487 US 266." This filing asks for a variety of different types of relief, and largely focuses on the fact that the court docketed Mr. Choiniere's motions according to the date they were received rather than the date he mailed them. The issue is moot since the matter is being dismissed for lack of jurisdiction.

In conclusion, Mr. Choiniere has chosen to bring a claim under 28 U.S.C. § 2241, and this court doesn't have jurisdiction over such a claim since Mr. Choiniere isn't in custody in the Northern District of Indiana. Therefore, the petition (Doc. Nos. 282 and 284) is DENIED because it was brought in the wrong court. Mr. Choiniere's application to proceed *in forma pauperis* (Doc. No. 283) is DENIED as moot. Mr. Choiniere's motion to correct the dates on the docket and issue a new case number (Doc. No. 288) is DENIED as moot.

SO ORDERED.

ENTERED: <u>April 23, 2012</u>

<u>      /s/ Robert L. Miller, Jr.      </u>
Judge
United States District Court

cc: B. Choiniere
    D. Schmid/S. Jefferson-AUSA